UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
RODNEY BROWN,

                                        Plaintiff,

                                                                    9:08-CV-0200
                                                                    (GLS)

        v.

NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES; J. WHITE, Franklin Correctional Facility,

                                        Defendants.
-----------------------------------------------------------------------------
APPEARANCES:

RODNEY BROWN
Plaintiff, *pro se*
07-A-4616

GARY L. SHARPE, U.S. DISTRICT JUDGE

                        **DECISION and ORDER**

I.      **Background.**

        The Clerk has sent to the Court a complaint, together with an application to

proceed *in forma pauperis* and a motion for appointment of counsel, filed by Rodney

Brown ("plaintiff" or "Brown").[1]  This action was transferred to this Court from the

Southern District of New York.  Dkt. No. 5.

II.     **Allegations Contained in the Complaint.**

        A review of the complaint reveals that plaintiff is attempting to assert a claim

based upon deliberate indifference to his medical needs.  Dkt. No. 1.  However, plaintiff

does not set forth sufficient facts for this Court to determine if this action may be

permitted to proceed.  More specifically, plaintiff alleges that he made requests for

_____

        [1]Plaintiff has filed one other action in this District.  *See* 9:08-CV-0085.

medical care that were not properly responded to.  However, plaintiff does not set forth

factual allegations regarding when he made the requests, to whom he made the

requests, what medical services he requested and what, if any, response, he received

to each of his requests.[2]

      In addition, the Court notes that plaintiff names the Department of Correctional

Services as a Defendant in this action.  It is now well-settled that the  state itself cannot

be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d

Cir. 1995)(citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)).  This is

true whether the Court is considering Eleventh Amendment immunity or a statutory

interpretation of section 1983. *Id.* at 815 n.3.  An action against state officers in their

official capacities, or an action against an agency of the State such as the Department

of Correctional Services, is tantamount to an action against the state.  *Yorktown*

*Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991)(official capacity actions);

*Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir.

1991)(agencies of the State).  Accordingly, plaintiff cannot maintain an action for

damages against the New York State Department of Correctional Services, and this

Court will dismiss the Department as a defendant.  Thus, when plaintiff files his

amended complaint, he must ***not*** name the Department of Correctional Services.

      Brown is advised that unless he files an amended complaint **within thirty (30)**

**days** from the date of the filing of this Order, this action will be dismissed.  Any such

amended complaint, **which shall supersede and replace in its entirety the previous**

---

[2]Plaintiff attached an incident report relating to a February 27, 2007 slip and fall incident at Riker's Island.  Plaintiff states that he continues to have pain arising from that incident.

**complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual that Brown is suing in the present lawsuit, and must bear the case number assigned to this action. The body of plaintiff's amended complaint should contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Plaintiff's amended complaint must set forth the pertinent facts, including the wrongful acts that give rise to the claim, the dates, times and places of the alleged acts, and the individual(s) who committed each alleged wrongful act.

III.    *In Forma Pauperis* Application.

Turning to plaintiff's *in forma pauperis* application, after reviewing the entire file herein, the Court finds that plaintiff's *in forma pauperis* application may be granted.

IV.     Motion for Appointment of Counsel.

As to plaintiff's request for counsel, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the Court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, i.e., "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they

3

can win their cases without the aid of counsel; they do have to show likely merit.  *Id.*

Herein, the Court has found that the complaint filed by plaintiff is insufficient and an amended pleading must be filed for this action to proceed.  Since plaintiff has failed to establish that his claim is likely to be of substance, the Court denies plaintiff's motion for appointment of counsel without prejudice.  After the Court has accepted an amended complaint for service, the defendants have responded to the allegations in plaintiff's amended complaint, and discovery has been undertaken by the parties, plaintiff may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.  Plaintiff is advised that any future motion for appointment of counsel must be accompanied by **documentation** that substantiates plaintiff's efforts to obtain counsel from the public and private sector.

WHEREFORE, it is hereby

ORDERED, that the New York State Department of Correctional Services is dismissed as a defendant in this action, and it is further

ORDERED, that plaintiff's *in forma pauperis* application is granted,[3] and it is further

ORDERED, that the Clerk shall provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that plaintiff is required to pay the entire statutory filing fee of

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

4

$350.00 pursuant to 28 U.S.C. § 1915 to the Northern District of New York, and it is further

ORDERED, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED that plaintiff file with the Court **within thirty (30) days** from the date of the filing of this Order, an amended complaint which complies fully with the terms of this Order as detailed above, and it is further

ORDERED that if plaintiff fails to file such an amended complaint **within thirty (30) days** from the date of the filing of this Order, this action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and it is further

ORDERED, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is denied without prejudice.  Any future motion for appointment of counsel must be accompanied by **documentation** that substantiates plaintiff's efforts to obtain counsel from the public and private sector, and it is further

ORDERED that the Clerk serve a copy of this Order on the plaintiff by regular mail.

IT IS SO ORDERED.

Dated:        March 7, 2008

Gary L. Sharpe
U.S. District Judge

5